HENRY A. GILDERSLEEVE, as a Trustee of the NEPERA PARK LAND COMPANY, Appellant, *v.* G. HARRY LESTER, Individually and as a Trustee, Respondent, Impleaded, etc.

*Supplementary proceedings — examination of a third person — what proceedings must be had in the district where the judgment debtor resides.*

While an order for the examination of a third person in supplementary proceedings may be made by a judge outside of the judicial district in which the judgment debtor resides, yet all proceedings subsequent to the examination, including the appointment of a receiver, must be before a judge of the district in which the judgment debtor resides.

APPEAL by the plaintiff, Henry A. Gildersleeve, as a trustee of the Nepera Park Land Company, from an order made at a Special Term of the Supreme Court held at Chambers in the city of New York, and entered in the office of the clerk of the city and county of New York on the 5th day of October, 1892, vacating an order appointing a receiver of the property of the defendant.

The order appointing the receiver was made in the county of New York by a justice of the first judicial district of the Supreme Court,

in supplementary proceedings upon the judgment recovered in this action against the defendant, G. Harry Lester, after an examination, in the county of New York, of a third person, as to the property of the judgment debtor, in pursuance of an order for such examination theretofore made by the same justice.

The third party resided in the city of New York; the judgment debtor, Lester, resided in Binghamton, Broome county, which is in the sixth judicial district.

*J. W. Boothby*, for the appellant.

*L. C. Waehner*, for the respondent.

PER CURIAM :

In *Baldwin* v. *Perry* (25 Hun, 72) it was held that the proper practice in cases where the judgment debtor resided in a district other than the one of the judge who granted the order was that all proceedings subsequent to the examination should be made returnable before a judge of the district in which the debtor resided. The same rule is applicable to proceedings for the examination of a third person. While an order for the examination of a third person may be made by a judge outside of the district in which the debtor resides, yet all proceedings subsequent to the examination must be before the judge of the district in which the debtor resided.

Under this authority the order setting aside the appointment of the receiver was right, and should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.